UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
    -v-                                  :
                                                            :
JOSIEL GUSTAVO MARTINEZ GUZMAN,                             :
                                                            :    20 Cr. 56 (PAC)
                         *Defendant*.   :
                                                            :
                                                            :    **MEMORANDUM & ORDER**
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

    On March 27, 2020, the defendant Josiel Gustavo Martinez Guzman sought temporary release from the Metropolitan Correctional Center pursuant to 18 U.S.C. § 3142(i) on account of the COVID-19 pandemic. (*See* Dkt. 26.) The Government opposes the application. (Dkt. 27.) The defendant's application is denied.[1]

## BACKGROUND

    The defendant has been charged by indictment with participation in a kidnapping conspiracy, kidnapping, participation in an extortion conspiracy, and extorting Victim-1 in violation of 18 U.S.C. §§ 1201(a)(1), 1201(c), 1951, and 2. The charges in the indictment stem from the alleged violent kidnapping and extortion of Victim-1 on the night of December 23, 2019. As alleged in the Complaint, Defendant Zhen provided Victim-1 with a purported money-laundering contract to receive $178,000 in cash in the Bronx—which was, in fact, a set up so that

---

[1] The Court addresses this application by written memorandum and order given the limited access to in court proceedings at this time and the parties' comprehensive written submissions. The parties have consented by email to a ruling on the papers.

1

the defendants could kidnap Victim-1. When Victim-1 attempted to pick up the cash, the defendant and his co-defendants allegedly abducted and tortured Victim-1. During the several hours that Victim-1 was abducted, the defendant physically assaulted Victim-1 with cigarettes, beat Victim-1 with a handgun, and threatened Victim-1's life. Ultimately, law enforcement successfully located the vehicle that the defendant and his co-defendants had used to abduct Victim-1, and when they stopped the vehicle, law enforcement successfully retrieved Victim-1, who was alive but injured, and arrested the defendants.

On January 24, 2020 the defendant made a bail application, which the Government opposed. Magistrate Judge Gorenstein ordered the defendant's ongoing detention because he posed a danger to the community given the very violent conduct underlying the charges in the indictment and the risk of nonappearance.

On February 27, 2020 the defendant made another bail application—this time before this Court. Consistent with Judge Gorenstein's previous determination, this Court concluded that the defendant should be detained because the defendant posed a danger to the community based on the violent nature of the instant offense, and posed a risk of flight. (*See* Feb. 27, 2020 Tr. at 26:8-27:5.) To date, no trial date or motion schedule has been set in this matter.

## **DISCUSSION**

The defendant makes the instant application pursuant to Section 3142(i), which provides that:

> a judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). In considering whether there is a "compelling reason" for a defendant's release under this provision, the Court balances the reasons advanced for such release against the

risk that were previously identified and resulted in an order of detention.  *See United States v. Chambers*, No. 20-CR-135 (JMF), 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020).

The defendant has not identified any appropriate person into whose custody the defendant may be released or shown a compelling reason for release.  Defendant states that his asthma exposes him to heightened risk, but the defendant's arguments in favor of release rely mainly on a number of generic citations to prisons around the world dealing with COVID-19, and hypothetical possibilities regarding the defendant's likelihood of contracting COVID-19.  Defendant is 28 years old and has previously reported that he is otherwise healthy, and there is no allegation that he has failed to receive appropriate medical attention while at MCC.

The remainder of defendant's application relies chiefly on form letter proffering about the general release of inmates and the Sixth Amendment right to counsel to argue that release is necessary to prepare his defense.  To accept the defendant's generalizations about impediments to access to counsel and argument that release is necessary, especially in a case where no trial, hearing, or briefing schedule has been set yet, would "logically result in the wholesale release of pretrial inmates."  *See United States v. Rudy Acosta*, 19 Cr. 848 (NRB), Dkt. 14 (S.D.N.Y Mar. 25, 2020).  "The Court does not accept the proposition that such a result is either better for the inmate or for society more broadly."  *Id.*

In addition, the allegations against the defendant are substantial.  The Government has shown by clear and convincing evidence that defendant's release into the community would present a danger to others; the defendant does not argue otherwise.  As this Court previously observed, the charges of kidnapping, extortion, and torture are very serious crimes and "cut at the very basic order of our society."  (*See* Feb. 27, 2020 Tr. at 26:17-20.)  Based on the record currently before this Court, there is no justifiable reason for the Court to change its prior ruling

that the defendant's release would endanger the safety of the community.

## **CONCLUSION**

Having fully considered the factors informing a decision on release and detention set forth in 18 U.S.C. § 3142, the application for temporary release is denied without prejudice.

Dated: New York, New York          SO ORDERED
       April 8, 2020

_____
PAUL A. CROTTY
United States District Judge